IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JAMES O. HINES, Jr., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ADP SCREENING AND SELECTION )<br>SERVICES, INC. )<br>and )<br>AUTOMATIC DATA PROCESSING, INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 3:13CV104  |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b). The Defenfants maintain their registered agents and/or statitory aganets in this District and Division and this case is directly related to the pending *James O. Hines, Jr. and Tyrone Henderson, et al v. Corelogic National Background Data, LLC.,* Civil Action No: 3:12-cv-00097-REP.

### PARTIES

4. Plaintiff James O. Hines, Jr. is an adult individual, who resides in Virginia and who has been consistently employed in the healthcare field.

5. Defendant ADP Screening and Selection Services, Inc. ("ADPSSS") is a consumer reporting agency that regularly conducts business in the Eastern District of Virginia.

6. Defendant Automatic Data Processing, Inc. ("ADP") is a consumer reporting agency that regularly conducts business in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

7. In or around June 2011, Plaintiff applied for employment with CareSouth HomeCare Professionals ("CareSouth") as a physical therapy assistant.

8. Plaintiff interviewed for the position and was provisionally hired by CareSouth, contingent upon his successfully clearing an employment background check.

9. CareSouth requested from the Defendants, and the Defendants sold to CareSouth, a consumer report concerning the Plaintiff, on or around June 1, 2011.

10. The consumer report furnished by Defendants was for employment purposes.

11. This consumer report contained at least one item of information which was a matter of public record and the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with CareSouth.

12. Defendants have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

13. The inaccurate information includes, but is not limited to, listing Plaintiff as a "Registered Sex Offender" and criminal sex offense records. These records appear on the consumer report Defendants sold about Plaintiff to Care South as follows: "SEXUAL MISCONDUCT WITH A MINOR."

14. The inaccurate information grossly disparages the Plaintiff and portrays him as a

2

serial criminal and a sex offender, which he is not. There is perhaps no greater reporting inaccuracy that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

15. The derogatory inaccuracies appear to be caused by the Defendants mixing Plaintiff, James O. Hines Jr.'s consumer report with that of several other individuals with similar names. Any rudimentary inspection of the data would reveal the inaccuracies as would Defendants' use of appropriate matching criteria. Defendants obviously failed to employ such a procedure.

16. In creating and furnishing the Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. For example, Defendants allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different middle name and living at a different address, within Plaintiff's consumer report.

17. Upon information and belief, the Plaintiff alleges that Defendants never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

18. Additionally, Defendants do not maintain strict procedures designed to insure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendants had maintained such procedures, it would not have twenty-five sex offender records belonging to other individuals reporting on Plaintiff's consumer report.

19. Plaintiff disputed the inaccurate information with Defendants by oral communication to its representatives and by following Defendants' established procedures for disputing criminal background information.

20. Notwithstanding Plaintiff's efforts, Defendants have sent Plaintiff correspondence indicating that it had somehow "verified" the inaccurate information that it had reported about the Plaintiff and communicating its intent to continue publishing the inaccurate information. Upon information and belief Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and employers.

21. Despite Plaintiff's efforts, Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any relevant documents from the entities furnishing the inaccurate information; and (5) performed any fingerprint analysis.

22. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to a perform reasonable reinvestigation of the above dispute as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about the Plaintiff.

23. Plaintiff was subsequently denied employment at CareSouth and Plaintiff was informed by CareSouth that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial.

24. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)

27. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

28. Defendants each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Hine's consumer reports and files it published and maintained.

29. As a result Defendants' violations of 15 U.S.C. §1681e(b), Mr. Hines suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30. The violations by Defendants' were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent, which entitles Mr. Hines to recovery under 15 U.S.C. §1681o.

31. Mr. Hines is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(1)

32. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

33. Defendants each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Mr. Hines' consumer file.

34. As a result of Defendants' violations of 15 U.S.C. §1681i(a)(1), Mr. Hines suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. The Defendants violations were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent which entitles Mr. Hines to recovery under 15 U.S.C. §1681o.

36. Mr. Hines is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)

37. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

38. Defendants' each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Mr. Hines' consumer file or modify the item of information upon a lawful reinvestigation.

39. As a result of Defendants' violations of 15 U.S.C. §1681i)a)(5)(A), Mr. Hines suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40. The Defendants' violations were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling Mr. Hines to recover under 15 U.S.C. §1681o.

41. Mr. Hines is entitled to recover actual damages, statutory damages, costs and attorney's fees from each Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR - VIOLATION OF THE FAIR CREDIT REPORTIN ACT
### 15 U.S.C. § 1681k(a)(1)

42. Defendants' failure to timely provide the required FCRA notices to the Plaintiff violated 15 U.S.C. § 1681k(a)(1).

43. The conduct, action, and inaction of Defendants were willful, rendering each Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44. Plaintiff is entitled to recover costs and attorney's fees as well as appropriate equitable relief from each Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

45. As a result of these FCRA violations, Defendants are individually liable to Plaintiff, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**JAMES O. HINES, Jr.**

By _____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

JAMES A. FRANCIS*
JOHN SOUMILAS*
GEOFFREY H. BASKERVILLE*
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
* Pro Hac Vice applications forthcoming

*Attorneys for Plaintiff*