**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JAMES O. HINES, JR.**                                 Civil Action No. 3:13CV104

    **Plaintiff,**

**v.**

           **JUDGE ROBERT E. PAYNE**

**ADP SCREENING AND SELECTION,**
**SERVICES, INC,** *et al.*

    **Defendants.**

**DEFENDANT AUTOMATIC DATA PROCESSING, INC'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE**
**DEFINITE STATEMENT**

   Defendant, Automatic Data Processing, Inc, ("Automatic"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), submits the following memorandum in support of their Motion to Dismiss or, in the alternative, Motion for a More Definite Statement brought pursuant to Fed. R. Civ. P. 12(c).

**I.**  **MOTION TO DISMISS.**

   **A. Introduction.**

   Hines' Complaint asserts four causes of action <u>all</u> arising out of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, ("FCRA"). (Complaint ¶¶ 26-45). All four causes of action, as alleged against Automatic, hinge on the conclusory allegation that Automatic is a "consumer reporting agency" within the meaning of the FCRA.

   Inasmuch as the Complaint alleges no specific facts to support the conclusory "consumer reporting agency" allegation as to Automatic and judicially noticed documents overwhelmingly

demonstrate Automatic's non-status as a "consumer reporting agency," Hines' Complaint cannot raise a legally plausible claim against Automatic under the *Iqbal/Twombly* standard of pleading.

### B.    Hines' Allegations Related to Automatic.

In support of his four causes of action arising under the FCRA[1], Hines' Complaint asserts twenty factual allegations, each with equal force, against the "Defendants" to this action. (Complaint ¶¶ 7 – 20).  Although not specifically stated in the Complaint, the word "Defendants" ostensibly intends to group  the two distinct entities against whom this lawsuit has been brought: Automatic and ADP Screening and Selection Services, Inc. ("ADP SASS").

Other than in the caption, Automatic is only specifically mentioned by name once in the entire Complaint: "Defendant Automatic Data Processing, Inc ("Automatic") is a consumer reporting agency that regularly conducts business in the Eastern District of Virginia." (Complaint ¶ 6).

### C.    The *Iqbal/Twombly* Standard Warrants Dismissal of the Complaint.

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests whether a cognizable claim has been adequately stated in the Complaint. *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed. Appx. 820, 825 (4th Cir. 2010).

As this Court is well aware, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court decided to "retire[]" the traditional *Conley v. Gibson*, 355 U.S. 41, 41 (1957) "no set of facts" standard for evaluating the sufficiency of a complaint under Fed. R. Civ. P. (12)(b)(6).[2]

---

[1] Specifically, Hines alleges violations of 15 U.S.C. §1681e(b), 15 U.S.C. §1681i(a)(1), 15 U.S.C. §1681i(a)(5)(A), 15 U.S.C. §1681k(a)(1), in Counts One through Four, respectively.

[2] Under *Conley*, a court could dismiss a complaint only if it "appear[ed] beyond a doubt that the plaintiff c[ould] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).  The *Twombly* Court retired the *Conley* standard

In lieu of *Conley*'s "no set of facts" standard, the U.S. Supreme Court established a two prong test for determining whether a complaint sufficiently states a cognizable claim for purposes of a Rule 12(b)(6) motion.  First, the court must carefully examine the complaint to smoke out any "legal conclusions resting on the prior [factual] allegations." *Id.* at 564.  Once that step is complete, the trial court must weigh the remaining factual allegations to determine if they are sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.  Only if the complaint crosses this threshold may a claim proceed.  *Id.*

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the U.S. Supreme Court elaborated upon this plausibility standard for pleading.  Specifically, the Court reiterated that there are "two working principles that underlie [the] decision in *Twombly*."  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  In this regard, "[t]hread bare recitals of the elements of a cause of action, supported by merely conclusory statements, . . . [are insufficient] to unlock the doors of discovery. . .." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  In further explaining this "plausibility standard," the *Iqbal* Court stated:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.*  at 1950 (citing Fed. R. Civ. Pro. 8(a)(2))(emphasis added).

---

because it created an open invitation for plaintiffs to file frivolous lawsuits by permitting them to survive a Rule 12(b)(6) motion simply by alleging "a wholly conclusory statement of a claim." *Twombly*, 550 U.S. at 561 (quoting *Conley*, 335 U.S. at 45). That is, a plaintiff could withstand a motion to dismiss under this minimal standard without "any showing of a reasonably founded hope" of making a case. *Id.* at 562 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Under these principles, Hines' Complaint fails to state legally plausible claims against Automatic and, therefore, should be dismissed.

**D.      The Complaint Does not State a Plausible Claim Against Automatic Under FCRA.**

Counts One through Four of the Complaint is subject to immediate dismissal for the simple reason that it is devoid of any factual allegations that can plausibly demonstrate Automatic that is a "consumer reporting agency." *Smith v. Busch Entertainment Corp.*, Case No. 3:08-cv-0072 (E.D. Va. June 3, 2009) (granting motion to dismiss against a party-defendant because it was "not a 'consumer reporting agency' because it [did] not 'assembl[e] or evaluat[e]…information on consumers for the purposes of furnishing consumer reports to third parties.'").

1.      <u>The Allegations Pertaining to the "Defendants" Cannot Give Rise to a Plausible Claim Under the FCRA Against Automatic</u>.

The FCRA was enacted to regulate consumer reporting agencies. *See*, 15 U.S.C. §1681(b) ("[i]t is the purpose of [the FCRA] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…"). A "consumer reporting agency" is:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, *regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties,* and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f) (emphasis added).[3]

Notwithstanding the multiple factual assertions necessary to plead that a party-defendant is a consumer reporting agency, Hines' Complaint makes a single conclusory allegation specifically against Automatic – that it is a consumer reporting agency under the FCRA. (Complaint ¶6).  Thereafter, all allegations are directed at "Defendants" – a term that is defined to include *both* Automatic and ADP SASS. (Complaint ¶¶7-20).  This defined term fails to provide any details as to what extent Automatic actually engaged in any of the activities alleged. This pleading tactic has been described by the courts as an unacceptable "shotgun" method of pleading. *See*, *Magluta v. Samples*, 256 F.3d 1283, 1284 (11th Cir. 2001) (identifying a "shotgun complaint" as one that "is replete with allegations that the 'Defendants' engage in certain conduct, making no distinction among the [various] Defendants charged, though geographical and temporal realities make it plain that all the Defendants could not have participated in every act…."); *Sewraz v. Guice,* 2008 U.S. Dist. LEXIS 65910 (E.D. Va. 2008) (identifying a complaint that refers to "groups of defendants" as a shotgun complaint "requir[ing] the Court to engage in constant cross-referencing to locate relevant allegations"); *see also, Sollberger v. Wachovia Securities, LLC*, 2010 U.S. Dist. LEXIS 66233 at *12 (C.D. Cal. 2010) ("One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout the Complaint by grouping together without identifying what particular defendants specifically did wrong.").

---

[3] A "consumer report" is any information from a consumer reporting agency bearing on a consumer's "[creditworthiness], credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" that is used or expected to be used to determine the consumer's eligibility for credit insurance, employment, or other various reasons specified by statute. 15 U.S.C. §1681a)(d)(1).

It is a matter of public record that these two distinct legal entities, each performing services independent of one another, are merely business associations through a parent/subsidiary corporate relationship. (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. # 14*, Exs. A, p. 6; A-1, p. 5-6; A-2, ¶¶4-12; A-3 ¶¶6-8; B, p. 3; B-1 p. 5-6; B-2 ¶¶4-12; B-3 ¶¶6-8).   Nonetheless, Hines' complaint ignores these realities and alleges each factual allegation and count of action against both Automatic and ADP SASS – through its use of the term "Defendants" – as if each entity were the same and without specificity as to each entities' amount of involvement.   This Court has been clear that shotgun pleadings are improper and, when they arise, neither the defendants nor the Court should be required to wade through the vaguely pled facts when determining the viability of the legal causes of action in the Complaint. *Jackson v. Olsen*, 2010 U.S. Dist. LEXIS 17879, at *21, n. 5 (E.D. Va 2010) ("Because such pleadings require the Court to sift through each paragraph of a complaint as to any allegation that might pertain to subsequent counts, so called shotgun pleading 'divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.'").

        2.    <u>The Facts Pled in Hine's Complaint Demonstrating Automatic's Status as a Consumer Reporting Agency Do Not Amount to a Plausible Claim Under FCRA In Light of the Judicially Noticed Documents.</u>

Turning to the allegations in the Complaint, Hines's single conclusory assertion – that Automatic "is a consumer reporting agency" – in and of itself falls well short of satisfying the *Iqbal/Twombly* pleading standard. *Nelmet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2012) (stating that when left with "bare assertions 'devoid of further factual enhancement,' which are not entitled to an assumption of truth * * * Such conclusory statements are insufficient as a matter of law….").   Further, even assuming the allegations in the Complaint contained sufficient factual assertions to state a cognizable claim against Automatic, which it

does not, the developed record of two previous federal district court cases, of which this court may take judicial notice, refutes any suggestion that Automatic can properly be labeled a consumer reporting agency under the FCRA as a matter of law, thus precluding Hines to proceed with his claims against Automatic. *See Ashcroft v. Iqbal, supra*, at 1950 ("Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

It is axiomatic that FCRA only applies to consumer reporting agencies. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (stating that under the FCRA, only "a consumer reporting agency is required to follow" the provisions of the FCRA); *DiGianni v. Bloomingdales, Inc.*, 26 F.3d 346, 348 (2nd Cir. 1994) (stating that "[t]he FCRA regulates 'consumer reporting agencies' in their preparation and dissemination of 'consumer reports.").  The judicially noticed public court records indicate that Automatic, an entity headquartered in the state of New Jersey, performed no services associated with a consumer reporting agency nor did it have any consumer reporting agency responsibilities relating to specified consumer reports.  (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. #14*, Exs. A, p. 6 A-2, ¶¶4-12; A-3 ¶¶6-8; B, p. 3, n. 5, 8; B-2, ¶¶4-12; B-3 ¶¶6-8).  On the other hand, ADP SASS, a wholly owned subsidiary of Automatic with a headquarters in Colorado and operations in other states, operates a consumer reporting agency.   SASS, while owned by Automatic, has operated and performed such consumer reporting agency related services completely independent of its corporate parent, Automatic. (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. #14*, Exs., A-2, ¶12, B-2 ¶12).   Accordingly, Automatic possessed no documents, reports or employs any employees actively involved in providing any even arguable consumer report agency services

related to specific reports. (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. #14*, Exs. B, p.3, n. 5; B-1, p. 5; B-2 ¶¶ 9-11; B-3 ¶¶4-5, 8).

Relying solely on the above information, two separate district courts have recently ordered FCRA cases brought against both Automatic and an ADP SASS subsidiary transferred from New Jersey District Court to the district court of Colorado, where ADP SASS's headquarters is located. (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. #14*, Exs. A, B).  The primary basis for both courts' orders centered on records submitted to the courts demonstrating , without dispute, that Automatic did not possess any evidence or employ any key witnesses to the litigation because it was not a consumer reporting agency. (*See, Memorandum in Support of Its Motion for Judicial Notice, Dkt. #14*, Exs. A. p.6 ("More importantly, none of the operations that were involved in generating and transmitting consumer reports were performed in New Jersey – either by SASS or [Automatic]"); B, p. 3, n. 5 ("No one employed by either [Automatic] or SASS in New Jersey was involved in the production and transmission of the consumer report at issue."; "No one employed by…[Automatic]…was involved in the production and transmission of that report.")).

Here, Hines alleges facts ambiguously lodged at "defendants," limits specific allegations against Automatic to a single conclusory allegation, and brings a lawsuit against Automatic which, upon review of judicially noticed documents, is not a consumer reporting agency.  For all the foregoing reasons, Hines has failed to allege a plausible claim for relief and, therefore, has failed to state a claim for FCRA violations as alleged against Automatic in Counts One through Four of his Complaint.

## II.   **ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT.**

Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement if a "pleading to which a responsive pleading is allowed…is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Where a Complaint is laced with shotgun-pled allegations, as Hines' Complaint is here, a motion for a more definite statement under Rule 12(e) is appropriate. See, *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir. 1996) ("under the Federal Rules of Civil Procedure, a Defendant faced with a [shotgun] Complaint is not expected to frame a responsive pleading. Rather, the Defendant is expected to move the Court, pursuant to Rule 12(e), to require the Plaintiff to file a more definitive statement."). As discussed above, Hines' grouping of both defendants into a single defined term throughout the Complaint is the prototypical shotgun type pleading. See, *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) ("the point is to give the Defendant fair notice of what the claim is and the grounds upon which it rests.").

As discussed above, Hines' purposefully vague use of the term Defendants, clearly cannot be applied equally to both Automatic and ADP SASS and the allegations provide no insight as to the alleged conduct specific to Automatic. Hence, if the Court finds that dismissal with prejudice is not ripe at this juncture, then Automatic respectfully requests the Court to require Hines to file an amended Complaint with a more definite statement of its claims against Automatic in order to afford Automatic a minimum notice of the basis of Hines' claim that Automatic is a "consumer reporting agency" and, thus, is subject to claims asserted in his Complaint.

## III.     <u>CONCLUSION</u>.

Automatic, therefore, respectfully requests that Hines' claims against Automatic be dismissed in their entirety, or alternatively, that Hines be required to file an amended complaint with a more definite statement of his alleged claims against Automatic.

Respectfully Submitted,

<u>/s/ Burton F. Dodd</u>
Burton F. Dodd, Esq. (VSB#17800)
Mathew Simpson, Esq.
(Pro Hac Vice Pending)
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Atlanta, Georgia  30309
(404) 240-4226 – Telephone
(404) 240-4249 – Facsimile
bdodd@laborlawyers.com
msimpson@laborlawyers.com

Richard A. Millisor, Esq.
(Admitted Pro Hac Vice)
9150 South Hills Boulevard
Suite 300
Cleveland, OH  44147
(440) 740-2146 – Telephone
(440)  838-8805 –  Facsimile
rmillisor@laborlawyers.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2013, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Leonard A. Bennett, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
lenbennet@clalegal.com

James A. Francis
John Soumilas
Geoffrey H. Baskerville
FRANCIS & MAILMAN, P.C.
100 South Broad Street
Philadelphia, PA 19110


/s/ Burton F. Dodd
Burton F. Dodd, Esq. (VSB#17800)
Mathew Simpson, Esq.
(Pro Hac Vice Pending)
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Atlanta, Georgia  30309
(404) 240-4226 – Telephone
(404) 240-4249 – Facsimile
bdodd@laborlawyers.com
msimpson@laborlawyers.com

Richard A. Millisor, Esq.
(Admitted Pro Hac Vice)
9150 South Hills Boulevard
Suite 300
Cleveland, OH  44147
(440) 740-2146 – Telephone
(440)  838-8805 –  Facsimile
rmillisor@laborlawyers.com

*Attorneys for Defendant*